UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ERIC HARCEY, | 4:21-CV-04071-KES |
| Plaintiff, | |
| vs. | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S "MOTION TO AMEND" |
| SOUTH DAKOTA BOARD OF PARDONS AND PAROLES, in its individual and official capacity; KAY NIKOLAS, Former Board Member, in her individual and official capacity; KENNETH ALBERS, Board Member, in his individual and official capacity; ED LIGHTENBERG, Board Member (Former Director), in his individual and official capacity; DAVE NELSON, Former Board Member, in his individual and official capacity; DEBRA FLUTE, Former Board Member, in her individual and official capacity; TRACI FREDRICKSON, Office Representative (Current Operations Supervisor), in her individual and official capacity; SHARON LARSON, Former Office Representative, in her individual and official capacity; DOUG CLARK, Former Director, in his individual and official capacity; BRAD LEWANDOWSKI, Current Director, in his individual and official capacity; MYRON RAU, Board Member, in his individual and official capacity; GORDY SWANSON, Board Member, in his individual and official capacity; GREGG GASS, Board Member, in his individual and official capacity; PETER LIEBERMAN, Board Member, in his individual and official capacity; KRISTEN AASEN, Board Member, in her individual and official capacity; CHUCK SCHROYER, Board Member, in his individual and official | |

| | |
|---|---|
| capacity; PATRICIA WHITE HORSE-CARDA, Board Member, in her individual and official capacity; VAL MCGOVERN, Office Representative, in her individual and official capacity; ANY AND ALL UNKNOWN OR UNNAMED BOARD MEMBERS, in their individual and official capacities; SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, in its individual and official capacity; MIKE LEIDHOLT, Current Secretary of Corrections, in his individual and official capacity; DENNY KAEMINGK, Former Secretary of Corrections, in his individual and official capacity; BOB DOOLEY, Former Chief Warden at Mike Durfee State Prison, in his individual and official capacity; and DARIN YOUNG, Chief Warden at the South Dakota State Penitentiary, in his individual and official capacity,<br><br>                Defendants. | |

Plaintiff, Eric Harcey, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This court screened and dismissed Harcey's complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Docket 8 at 8-9. Judgment was entered in favor of defendants. Docket 9. Now, Harcey moves to "amend or make additional findings." Docket 10.

Harcey's motion to amend does not include amended facts or additional legal claims. *See* Docket 10. This court liberally construes his motion as a motion for reconsideration because he asks this court to "reconsider . . . the third reason of" dismissal in the screening order. Docket 10 at 1. Harcey asserts that his claim is not barred by *Heck v. Humphrey,* because he has a

pending federal habeas petition. *See id.* at 1-2. He argues that this court should have stayed his § 1983 lawsuit until his federal habeas petition was granted or dismissed. *Id.*

The Eighth Circuit has traditionally "instructed courts to consider [motions for reconsideration] either under Rule 59(e) or Rule 60(b)." *See Moberly v. Midcontinent Commc'n*, No. 4:08-CV-04120-KES, 2010 WL 11681663, at *1 (D.S.D. Aug. 2, 2010). Rule 60(b) authorizes a court to relieve a party from a final judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The only potentially applicable circumstance here is "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). To obtain relief under Rule 60(b)(6), a party must show that "exceptional circumstances . . . denied the moving party a full and fair opportunity to litigate his claim and . . . prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).

Harcey alleged that the South Dakota Board of Pardons and Parole Board Members did not have authority to act and that his "imposed incarceration from 2014-2018 was in violation of his due process rights and his right to be free from cruel and unusual punishment." *See* Docket 8 at 8; Docket 1 at 14-15.

3

This court dismissed these claims under *Heck v. Humphrey*, 512 U.S. 477, 489 (1994), because Harcey's suspended sentence had not been "reversed, expunged, declared invalid or impugned by the granting of a writ." Docket 8 at 8.

This court cannot re-open and stay Harcey's § 1983 lawsuit. A judgment in favor of Harcey, in his § 1983 lawsuit for monetary damages, would have invalidated his suspended sentence. *See* Docket 8 at 8. *Heck* is clear in these situations, that a § 1983 lawsuit for monetary damages "*must* be dismissed unless the plaintiff can demonstrate that the conviction or sentence has *already* been invalidated." *Heck*, 512 U.S. at 487 (emphasis added) (stating that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 *unless and until* the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." (emphasis added)). This court cannot stay the case. Harcey has not shown exceptional circumstances and he cannot be granted relief under Rule 60(b)(6).

Next, "[m]otions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'" *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). Harcey has not shown a manifest error in law or fact and he cannot use his motion to

tender new legal theories about why the case should be stayed. Thus, Harcey's motion for reconsideration is denied.

Finally, Harcey asks this court to "toll the time to appeal this order by granting this motion until an order" is rendered in his federal habeas petition, 4:21-CV-04036. Docket 10 at 2. Harcey does not explicitly state which order he intends to appeal, but this court assumes that Harcey moves for an extension to file a notice of appeal regarding this court's screening order and judgment. Generally, a motion for an extension of time to file a notice of appeal may be granted if the party moves "no later than 30 days after" the period to timely file under Federal Rule of Appellate Procedure 4(a)(1)(A), which is 30 days after the judgment is entered. Fed. R. App. P. 4(a)(5)(A)(i).

Harcey must also show "excusable neglect or good cause" in order to receive an extension. Fed. R. App. P. (4)(a)(5)(A)(ii). A court considers four factors to determine whether good cause or excusable neglect exist to grant an extension: "(1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Treasurer, Trs. of Drury Indus., Inc. Health Care Plan & Tr. v. Goding*, 692 F.3d 888, 893 (8th Cir. 2012).

Here, there is no prejudice to the non-moving party because Harcey's complaint was dismissed during screening. *See* Docket 8. The second factor weighs in favor of Harcey as he promptly moved for an extension. Third, Harcey asserts that he is waiting for his federal habeas petition to be ruled on and this

is not within his control. *See* Docket 10. Finally, it appears Harcey is acting in good faith. Harcey's motion is made with good cause and granted. But under Appellate Rule 4(a)(5)(C) the court is permitted only to grant an extension lasting "30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Judgment was entered on May 25, 2021,[1] thus the later date under Rule 4(a)(5)(C) is 14 days from the entry of this order. Thus, Harcey's motion for extension to file his notice of appeal is granted and he must file his notice of appeal on or before August 13, 2021.

Thus, it is ORDERED:

1. That Harcey's "motion to amend" (Docket 10) is granted in part and denied in part. His motion for reconsideration is denied but his motion to extend the time to file a notice of appeal is granted. Harcey must file his notice of appeal regarding this court's screening order and judgment (Dockets 8, 9) on or before August 13, 2021.

Dated: July 30, 2021

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

---

[1] Sixty days from May 25, 2021, is July 26, 2021.