UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ERIC HARCEY,<br><br>    Plaintiff,<br><br>vs.<br><br>SOUTH DAKOTA BOARD OF PARDONS AND PAROLES, in its individual and official capacity; KAY NIKOLAS, Former Board Member, in her individual and official capacity; KENNETH ALBERS, Board Member, in his individual and official capacity; ED LIGHTENBERG, Board Member (Former Director), in his individual and official capacity; DAVE NELSON, Former Board Member, in his individual and official capacity; DEBRA FLUTE, Former Board Member, in her individual and official capacity; TRACI FREDRICKSON, Office Representative (Current Operations Supervisor), in her individual and official capacity; SHARON LARSON, Former Office Representative, in her individual and official capacity; DOUG CLARK, Former Director, in his individual and official capacity; BRAD LEWANDOWSKI, Current Director, in his individual and official capacity; MYRON RAU, Board Member, in his individual and official capacity; GORDY SWANSON, Board Member, in his individual and official capacity; GREGG GASS, Board Member, in his individual and official capacity; PETER LIEBERMAN, Board Member, in his individual and official capacity; KRISTEN AASEN, Board Member, in her individual and official capacity; CHUCK SCHROYER, Board Member, in his individual and official | 4:21-CV-04071-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL AND REQUIRING AN INITIAL PARTIAL FILING FEE |

| | |
|---|---|
| capacity; PATRICIA WHITE HORSE-CARDA, Board Member, in her individual and official capacity; VAL MCGOVERN, Office Representative, in her individual and official capacity; ANY AND ALL UNKNOWN OR UNNAMED BOARD MEMBERS, in their individual and official capacities; SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, in its individual and official capacity; MIKE LEIDHOLT, Current Secretary of Corrections, in his individual and official capacity; DENNY KAEMINGK, Former Secretary of Corrections, in his individual and official capacity; BOB DOOLEY, Former Chief Warden at Mike Durfee State Prison, in his individual and official capacity; and DARIN YOUNG, Chief Warden at the South Dakota State Penitentiary, in his individual and official capacity,<br><br>                    Defendants. | |

Plaintiff, Eric Harcey, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Judgment was entered against Harcey, and he filed a motion for reconsideration, which was denied. Dockets 9, 10, 11. Harcey then filed a notice of appeal. Docket 12. Now, Harcey moves to proceed in forma pauperis on appeal and has provided his prisoner trust account report. Dockets 13 and 14.

Under the Prison Litigation Reform Act (the "Act"), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises "the moment the prisoner . . . files an appeal." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997)

(omission in original) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). "[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan." *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (footnote omitted) (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the Eighth Circuit Court of Appeals set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the Act. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

> (A)   the average monthly deposits to the prisoner's account; or
> (B)   the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

It appears that Harcey's appeal is taken in good faith. Harcey's prisoner trust account shows an average monthly deposit of $104.50 and an average monthly balance of $9.52. Docket 14 at 1. This court grants Harcey leave to proceed in forma pauperis but requires him to pay an initial partial filing fee of **$20.90 (20 percent of his average monthly deposit) by January 7, 2022.**

Thus, it is ORDERED:

1. That Harcey's motion for leave to proceed in forma pauperis on appeal (Docket 13) is granted. Harcey must make an initial partial filing fee of **$20.90 by January 7, 2022**, made payable to the Clerk of the U.S. District Court

2. That the institution having custody of the Harcey is directed that whenever the amount in Harcey's trust account, exclusive of funds available to him in his frozen account, exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the appellate filing fee of $505 is paid in full.

Dated December 7, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE